**Robert J. KAPPE, Appellant**

v.

**LENTZ, CANTOR, & MASSEY, LTD., Robert C.F. Willson, and Andrew H. Dohan, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 10, 2012.

Filed Feb. 28, 2012.

BEFORE: PANELLA, LAZARUS, and STRASSBURGER *, JJ.

PER CURIAM:

Order reversed and remanded in part. Jurisdiction relinquished.

Judge STRASSBURGER files a concurring opinion.

CONCURRING OPINION BY STRASSBURGER, J.:

I join the thorough and erudite Majority memorandum. I write separately only to point out that the result, although compelled by precedent, is unfortunate.

A brief summary of the relevant facts and procedural history is necessary. This case arises from a legal malpractice dispute between Appellant Robert J. Kappe (Kappe) and the law firm Lentz, Cantor & Massey, Ltd. (Lentz Cantor) through shareholders Robert C.F. Willson (Willson) and Andrew H. Dohan (Dohan) (collectively Appellees).

In August 2000, Nelda Davis, a Chester County resident, executed a power of attorney in which she nominated her husband, Boyd Davis, Sr., as the attorney-in-fact. Nelda also nominated her son, Boyd Davis, Jr., a Chester County resident, and Kappe, also a Chester County resident and close family friend, as alternate agents. In the years following, Davis Sr. and Jr. acted as the attorney-in-fact for Nelda; Kappe maintains he never acted as the attorney-in-fact for Nelda.

In November 2006, Nelda's daughter, Nelda Jane Helmstaedter (Helmstaedter), filed a Guardianship Petition in the Court of Common Pleas of Chester County seeking to have Nelda adjudicated incompetent and to have a guardian appointed to represent her interests. Specifically, Helmstaedter alleged that Davis Jr. co-mingled over $1.4 million of Nelda's assets with his own. Kappe was not a party to the proceedings related to the Guardianship Petition.

Lentz Cantor, a law firm with its principal place of business in Chester County, was retained to represent the interests of Nelda in the proceedings; Kappe had no role in retaining Lentz Cantor and was not aware that it had been retained. Lentz Cantor asserted that, as counsel for Nelda, it also represented her designated guardians. Thus, Lentz Cantor informed Kappe that he was required to participate in the litigation as a co-defendant. Lentz Cantor informed Kappe that because he acted as an attorney-in-fact for Nelda, he had been acting as an agent of hers as a matter of law.

Kappe was subsequently adjudicated jointly and severally liable with Davis Jr. to Nelda for mishandling her affairs pursuant to his authority and conduct as attorney-in-fact. Judgment was entered against Kappe in the amount of $1,458,021 in the Court of Common Pleas of Chester County. Kappe filed for bankruptcy, and

---

* Retired Senior Judge assigned to the Superior Court.

subsequent counsel negotiated a settlement of all claims for $350,000.

Kappe filed the instant action against the law firm of Lentz Cantor, and Willson and Dohan as shareholders, by filing a writ of summons in the Court of Common Pleas of Philadelphia County, followed by a complaint on April 14, 2010. Kappe filed an amended complaint on May 24, 2010 stating three causes of action: professional negligence, breach of contract and breach of fiduciary duty. Kappe sought compensatory damages on all counts and punitive damages on the professional negligence and breach of fiduciary duty claims.

Appellees filed preliminary objections pursuant to Pa. R.C.P. 1028(a)(1), asserting improper venue, and Pa.R.C.P. 1028(a)(4), requesting that the remedy of punitive damages be dismissed. On August 27, 2010, the trial court granted Appellees' preliminary objections, transferring the matter to the Court of Common Pleas of Chester County and dismissing Kappe's claims for punitive damages.

Kappe filed a motion for reconsideration on September 2, 2010. The trial court granted the motion and stayed the August 27, 2010 order. Appellees responded on September 23, 2010, and by order entered on February 8, 2011, the trial court denied Kappe's motion for reconsideration and sustained Appellee's preliminary objections, transferring the matter to Chester County and dismissing Kappe's claims for punitive damages.

Kappe filed a timely appeal and complied with the court's order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Kappe contends the trial court erred in transferring this matter to Chester County even though Lentz Cantor regularly conducts business in Philadelphia.[1] Our Majority correctly holds that under our current rules and case law, Lentz Cantor, by deriving 1.7% of its revenue from Philadelphia County by representing clients in courts or arbitrations there, meets the current criteria for regularly conducting business; accordingly, the trial court erred in transferring this case to Chester County.

Thus, despite a rather tenuous connection to Philadelphia County, its citizens must bear all of the manifold costs a legal case entails-judges, court staff, courtroom space, and jury expenses. Where, as here, the events giving rise to the cause of action occurred in Chester County and all parties live in Chester County, logic dictates that this case should be tried in Chester County.

The Supreme Court and its Civil Procedural Rules Committee, by virtue of Pennsylvania Rule of Civil Procedure 1006(a.1), added in 2003, corrected a similar problem by generally requiring medical malpractice cases to be brought in the county where the cause of action arose. I suggest that the Rules Committee might want to consider an analogous rule that would cover the instant situation.

---

1. Kappe also contends the trial court erred in dismissing his claim for punitive damages. I also agree with our Majority that the appeal from that portion of the order is interlocutory and therefore not reviewable at this time.